**ERIE STEEL CONST. CO. v. BLAW–KNOX CO.**

**BLAW–KNOX CO. v. ERIE STEEL CONST. CO.**

Nos. 4486, 4468.

Circuit Court of Appeals, Third Circuit.

Feb. 13, 1931.

Walter J. Blenko, Byrnes, Stebbins, Parmelee & Blenko, and George E. Stebbins, all of Pittsburgh, Pa., for Blaw-Knox Co.

Hugh C. Lord, of Erie, Pa., for Erie Steel Const. Co.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and THOMPSON, District Judge.

BUFFINGTON, Circuit Judge.

In the court below Blaw-Knox Company, the owner of patent No. 1,571,544, granted February 2, 1926, to Garlinghouse and Venable for a measuring device for bulk materials, charged the Erie Steel Construction Company with infringement of claims 1 to 7, inclusive, and claim 8, thereof. On final hearing that court filed a comprehensive opinion, and held claims 1 to 7 valid and infringed, and claim 8 not infringed. From a decree so ordering, Erie Steel Construction

Company appealed in so far as claims 1 to 7 were held valid and infringed, and Blaw-Knox Company appealed from holding claim 8 not infringed. In view of the elaborate discussion by the trial judge of the patent in question and of the art to which it pertains, coupled with the fact that we find ourselves in accord with his view, it is evident that a duplicating opinion by this court must of necessity be but a studied effort to state in different words what has been already well set forth by the court below. In so doing, however, we note that the device in question is a large machine for measuring sand, gravel, concrete, broken stone, and other heavy and bulky materials, and it so measures both accurately and speedily as these materials descend from a bin to a measuring hopper. This is effected by a novel gate so adjusted in relation to the bin above and the measuring hopper below that the gate can by simple hand pressure be made to pass through a seemingly solid column of down-flowing stone, concrete, sand or the like. Such passage of the gate through this seemingly impenetrable column is effected by taking advantage of the laterally deflected flow of the material in traveling to the angle of slope and repose incident to each of such materials. In moving, the gate does not have to cut through the stone or sand, but the material above and on the gate moves forward in natural flow until it reaches the angle of repose characteristic of it. In that regard the court below held:

"It was found that substantially the same amount of material was displaced forwardly ahead of the gate during each closing movement and dropped into the receptacle, so that when the measuring receptacle was filled to capacity and the shut-off gate operated, you would get substantially the same quantity therein at each closure of the gate."

We find in the prior art no such combination, device, or utilization of the patent's principle of operation as is disclosed by this patent. The alleged closest approach to it is a patent to Smyser, but as to it we agree with the estimate of the court below when it said:

"As we consider the patents cited as anticipatory of the patent in suit, we find none that relate to the measuring of such materials as are cited in the patent as examples of the materials which may be measured by the device disclosed, i. e., sand, gravel, and broken stone used in concrete construction. The Smyser Patent No. 570,109 has to do with the filling of small boxes of condiments, such as salt and sugar. It was issued in 1896. We have been using concrete since about 1900,

and yet for all these years no one thought of adapting the Smyser device to measuring materials for use in concrete construction."

Without entering into further details, we limit ourselves to saying we find no error, with respect to both appeals, in the decree of the court below, and therefore affirm the same. All costs in this court will be equally divided between plaintiff and defendant.